UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN FAMILY TRUST,<br><br>           Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, CALIFORNIA DEPARTMENT OF TRANSPORTATION (CALTRANS), and DOES 1-50,<br><br>           Defendants. | Case No.:  21-cv-2049-JO<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On June 22, 2022, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to timely serve Defendants.  In response, Plaintiff filed a declaration from its attorney on July 12, 2022.  For the reasons stated below, the Court declines to extend the time for Plaintiff to effect service and dismisses this case without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**I. BACKGROUND**

Plaintiff filed its Complaint in this case on December 8, 2021. Dkt. 1. On the same day, the Clerk of the Court issued the summons. Dkt. 2. The docket entry issuing the summons contained the following instructions for service: "Counsel receiving this notice

electronically should print this summons and serve it in accordance with Rule 4, Fed. R. Civ. P. and L.R. 4.1." *Id.* Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff had until March 8, 2022—90 days from December 8, 2021—to serve Defendants in this case. Plaintiff failed to do so; instead, it filed an Amended Complaint on April 11, 2022. Dkt. 5. On June 22, 2022, the Court issued an Order to Show Cause why the case should not be dismissed for failure to timely serve Defendants under Federal Rule of Civil Procedure 4. Dkt. 6. On July 10, 2022, the 90-day period after the filing of the Amended Complaint expired.

On July 12, 2022, Plaintiff responded to the Order to Show Cause by filing the sworn declaration of one of its two counsel of record. Dkt. 8. In this declaration, Plaintiff's counsel acknowledged that he did not serve the original complaint but contended that the failure was justified. He pointed to California Code of Civil Procedure section 583.210(a)–(b), which permits service of the complaint within three years of filing, and explained that he believed this state statute controlled the time for service in this case. Dkt. 8 at ¶ 12. Plaintiff provided no other reason for failing to serve its original Complaint within 90 days. Plaintiff also provided no explanation for failing to serve its Amended Complaint within 90 days. To date, Plaintiff has served neither the original Complaint nor the Amended Complaint.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve the complaint within 90 days of filing. If a plaintiff fails to do so, the Court must dismiss the case without prejudice "unless the Court finds good cause for an extension of time." Fed. R. Civ. P. 4(m). In the Ninth Circuit, "[a]t a minimum, 'good cause' means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). Courts have interpreted "good cause" to mean that "service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *AF Holdings LLC v. Does 1-135*, 2012 WL 1038671, at *3 (N.D. Cal. Mar. 27,

2012) (citation omitted). An attorney's mistake or ignorance of the rules governing time limits, however, does not constitute good cause or excusable neglect. *See Townsel v. Cnty. of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987) ("[t]o hold that complete ignorance of [Rule 4] constitutes good cause for untimely service would allow the good cause exception to swallow the rule"); *Wei v. Hawaii*, 763 F.3d 370, 372 (9th Cir. 1985) ("[counsel's] inadvertence . . . does not qualify as good cause"); *see also Whale v. United States*, 792 F.2d 951, 953 (9th Cir. 1986) ("We know of no cases in which counsel's failure to read Rule 4 . . . constitute[d] 'good cause' or 'justifiable excuse.'").

Where a plaintiff's failure to timely serve is not justified by good cause, courts still have discretion "to extend the time for service or to dismiss the action without prejudice." *In re Sheehan*, 253 F.3d at 513. In those instances, the Ninth Circuit has noted that "a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (internal quotation marks omitted).

### III. DISCUSSION

**A. Good Cause Does Not Exist to Extend Time to Serve**

Here, Plaintiff failed to provide good cause for failing to serve within the time required by Federal Rule of Civil Procedure 4(m). Plaintiff's counsel explains that he failed to serve the original complaint within 90 days because he erroneously believed that California Code of Civil Procedure section 583.210(a)–(b) permitted service within three years of filing. Dkt. 8 at ¶ 12. Counsel's mistake regarding the applicability of state, rather than federal, time frames for service does not constitute excusable neglect. *See Townsel*, 820 F.2d at 320 (finding that attorney's ignorance of Rule 4 was not excusable neglect); *Wei*, 763 F.2d at 372 (finding that attorney's inadvertent failure to meet deadline did not constitute good cause). Accordingly, the Court declines to extend the time for Plaintiff to effect service under Rule 4(m).

///

///

**B. The Record Does Not Support a Discretionary Extension of Time to Serve**

In the absence of good cause under Rule 4(m), the Court turns to whether it should exercise its discretion to grant an extension of time. As suggested by the Ninth Circuit, this Court will consider factors such as the statute of limitations, prejudice to Defendants, notice of the lawsuit, and eventual service. *See Efaw*, 473 F.3d at 1041. First, Plaintiff never effected service on Defendants, timely or otherwise. Despite being informed by docket entry that it must serve Defendants under Rule 4, Plaintiff did not serve the original complaint within the 90-day period. Dkt. 2. The Court issued its Order to Show Cause further alerting Plaintiff to federal service requirements on June 22, 2022, that is, 73 days after Plaintiff filed its Amended Complaint. Dkts. 6, 8 at ¶ 11. Even after receiving this notice, Plaintiff did not take steps to serve its Amended Complaint within the 90-day period. To date, Plaintiff still has not effected service, and Plaintiff has not informed the Court that it ever attempted service on Defendants. Nothing in the record, therefore, supports a conclusion that Defendants are aware of the claims in this case. And aside from Plaintiff's counsel's conclusory declaration, *see* Dkt. 8 at ¶ 15, the Court has no basis to find that Defendants would not suffer prejudice if it granted an extension.

Plaintiff argues that, without an extension, it will "suffer severe prejudice and irreparable harm because it would be denied its day in court." *Id.* at ¶ 13. The Court finds that Plaintiff has not provided support for this contention. Plaintiff does not explain why it cannot pursue its inverse condemnation and other claims in state court. Nor does Plaintiff argue that the statute of limitations would bar its claims unless the Court grants this extension. The Court notes that most of the Amended Complaint's allegations focus on harms that occurred before 2005. From the pleading alone, it is unclear whether the statute of limitations would bar Plaintiff's claims, regardless of whether the Court granted this extension. On this record, the Court does not have sufficient information to find that denial of an extension would result in prejudice to Plaintiff because of the statute of limitations or otherwise.

For the above reasons, the Court denies Plaintiff's request to grant an extension of time for service under Rule 4(m) and declines to exercise its discretion to do so. The Court orders the case DISMISSED without prejudice.  The Court directs the Clerk to CLOSE the case.

**IT IS SO ORDERED**.

Dated: October 13, 2022

_____
Honorable Jinsook Ohta
United States District Judge